IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00218-CR

 

Ladamion Lamond Majors,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2007-1671-C2

 



MEMORANDUM  Opinion



 








            A jury found Appellant
Ladamion Majors guilty of the enhanced felony offenses of burglary of a
habitation with intent to commit kidnapping and aggravated assault.  The jury
assessed sentences of forty and fifty years’ imprisonment, respectively, and
the trial court ordered the sentences to run concurrently.  Majors raises one
issue on appeal.  We will affirm.

            The evidence shows that the
victim, Lakeisha Price, and Majors, her then-boyfriend, went to a friend’s
apartment.  Arguments ensued, and Majors was asked to leave.  Price and Majors
left, but Price returned to the apartment and the door was locked.  Majors, who
had a gun, soon returned and ordered Price to come out or he would come in and
get her.  Majors broke through the dining room window, grabbed Price, and
pulled her outside.  As they struggled, the gun discharged, and Price then
willingly went with Majors out of fear.  He took her to some nearby woods where
he put the gun to her head and repeatedly threatened to kill her, but the gun
failed to fire.  He struck her at least twice with the butt of the gun.

            Price was able to calm down
Majors by telling him she would make up a lie about what happened, so they
returned to the apartment, hiding the gun along the way in a nearby backyard. 
Soon after they arrived at the apartment, so did the police, who arrested
Majors.  Price appeared upset, shaken, and scared, and she had a cut on her
chin and injuries to her chest, feet, and ear.  After Majors was taken away,
Price showed police where the gun was hidden.  Seven months later, Price signed
a statement indicating that Majors did not have a gun that evening and that she
knew of the gun’s location from someone else, but at trial she recanted that written
statement.

            Majors’s sole issue is that
the trial court erred by allowing the prosecutor to “testify” (or state what
the evidence at trial would be) and to ask improper commitment questions during
voir dire.  We review a trial court’s rulings during voir dire for abuse of
discretion.  Barajas v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). 
The State responds that Majors failed to preserve his complaints for appellate
review.

To preserve error for appellate review,
the complaining party must make a timely, specific objection.  The objection
must be made at the earliest possible opportunity.  The complaining party must
obtain an adverse ruling from the trial court.  Finally, the point of error on
appeal must correspond to the objection made at trial.

 

Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App.
1991) (citations omitted); see also Tex.
R. App. P. 33.1(a).

            To preserve a complaint for
appellate review, the objecting party must continue to object each time the
objectionable question or evidence is offered, or either obtain a running
objection or request a hearing outside the jury’s presence.  See Martinez
v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); Holmes v. State,
135 S.W.3d 178, 195-96 (Tex. App.—Waco 2004, no pet.) (citing Fuentes v.
State, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999), and Desselles v.
State, 934 S.W.2d 874, 876-77 (Tex. App.—Waco 1996, no pet.)).  When, in
response to an objection, the prosecutor rephrases her question and no
objection is made to the rephrased question, there is no adverse ruling to
complain about on appeal.  See Badall v. State, 216 S.W.3d 865, 872
(Tex. App.—Beaumont 2007, pet. ref’d); Reed v. State, 762 S.W.2d 640,
646 (Tex. App.—Texarkana 1988, pet. ref’d).

            Majors complains about
numerous questions and statements from the prosecutor dealing primarily with a
domestic-assault or family-violence victim who did not want to cooperate with
police or recanted or requested leniency.  All but three of these questions or
statements were not objected to, and as to those to which no objection was
made, no complaint has been preserved for appellate review.  We now address the
objections.

            The prosecutor told the jury
panel that this was a family-violence case, that they would be hearing evidence
that there was a relationship between the victim and the defendant, and that
“about 75 or more percent of the cases that we have that involve family
members, even if there are weapons…”.  Majors’s trial counsel interrupted with
an objection that the prosecutor was giving testimony to the jurors to have
them commit.  The trial court instructed the prosecutor to ask the question
again.  The prosecutor moved on and rephrased her question, asking if the jury
would be able to convict even if the victim later said that the offense did not
happen.  No objection was made to that question, and any complaint was thus not
preserved.

            Majors’s trial counsel
objected to two questions as commitment questions whether (1) the jury could
convict if the assault victim did not want the police called and (2) if the
victim later said the assault did not happen and that she loved the accused and
did not want him to be in trouble.  The second question was also objected to as
being close to the facts of the case.  The trial court overruled the
objections.  The prosecutor then repeatedly asked the same or similar questions
to the jury panel without objection.  Because these subsequent questions were
not objected to and no running objection was obtained, the complaints are not
preserved for appellate review.

            We overrule Majors’s sole
issue and affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed July 21, 2010

Do
not publish

[CRPM]